UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CURTIS A. BETHEA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-252 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Curtis A. Bethea, a *pro se* prisoner, is serving a 40-year sentence for armed robbery and criminal confinement convictions in Delaware County. *State v. Bethea*, No. 18C01-0602-FA-04. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.)

I. BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Bethea's burden to rebut this presumption with clear and convincing evidence. *Id*. On post-conviction review, the Indiana Supreme Court set forth the facts underlying Bethea's convictions as follows:

> In December 2005, Curtis Bethea, Jerry Gore, Eddie Wilson, and Tyler Seaton went to the home of Angela Dailey and Jason Gates. Bethea and Gore entered the home wielding guns. Gates was "pistol whipped" and Dailey was pulled out of bed and thrown to the floor. Bethea bound Gates' arms with tape. Gore and Bethea ransacked the house looking for money and drugs.
>
> Bethea was arrested and charged with nine counts which included: Count I, Class A felony Burglary Resulting in Bodily Injury; Count II, Class B felony Armed Robbery of Gates; Count III, Class B felony Armed Robbery of Dailey; Count IV, Class B felony Criminal Confinement of Gates; Count V, Class B felony Criminal Confinement of Dailey; Count VI, Class C felony Intimidation of Gates; Class VII, Class C felony Intimidation of Dailey; Count VIII, Class D felony Auto Theft of Dailey's vehicle; and Count IX, Class B felony Criminal Confinement of Dailey.

> In February 2007, Curtis Bethea pled guilty to two counts, Count II, Class B felony Armed Robbery of Gates, and Count V, Class B felony Criminal Confinement of Dailey. His plea agreement left the sentences open to the discretion of the trial court. At the sentencing hearing, Bethea testified that his father was an alcoholic and drug user who was physically, mentally, and sexually abusive to Bethea, his mother, and his siblings. Bethea lived in various foster homes from the age of six, and in juvenile facilities in New York and Virginia. Bethea further testified that he used drugs and alcohol since the age of nine, including PCP, marijuana, cocaine, embalming fluid, heroin, inhalants, and acid. To counter the mitigating evidence, the State presented evidence of Bethea's extensive criminal history and testimony of one of the victims. The trial court noted the harm, injury, and loss suffered by the victims was significant.
>
> The trial court determined that the aggravating circumstances outweighed the mitigating circumstances and imposed the maximum sentence of twenty years on each count. The court ordered the sentences served consecutively which resulted in an aggregate sentence of forty years, the maximum allowed by the plea.

*Bethea v. State*, 983 N.E.2d 1134, 1137-38 (Ind. 2013).

Bethea appealed, presenting one issue to the Indiana Court of Appeals: that his offenses constituted an "episode of criminal conduct" under state law, and thus under IND. CODE § 35-50-1-2(b) his sentence should not exceed 30 years. (DE 8-3.) The state appellate court affirmed. *Bethea v. State*, No. 18A02-0703-CR-247 (Ind. Ct. App. Nov. 15, 2007). Bethea did not seek review in Indiana Supreme Court or the United States Supreme Court. (DE 1 at 1.)

In May 2008, Bethea filed a petition for post-conviction relief. (DE 8-1 at 16.) Following an evidentiary hearing at which Bethea was represented by counsel, the petition was denied. (*Id.* at 19-20.) He appealed, asserting claims of ineffective assistance of trial and appellate counsel on various grounds. (DE 8-7.) First, he argued that trial counsel was ineffective in failing to challenge the trial court's determination at sentencing that he had knowingly used a juvenile in the commission of the offense. *Bethea v. State*, No. 18A05-1107-PC-416, slip op. at 12-13 (Ind. Ct. App. Mar. 20, 2012). The appellate court found no basis to conclude that counsel was

2

ineffective on this ground, since this aggravating factor was adequately supported by the record. *Id.* Bethea also argued that appellate counsel was ineffective in failing to challenge the length of his sentence under INDIANA APPELLATE RULE 7(B).[1] *Id.* at 13-22. He further argued that appellate counsel was ineffective in failing to challenge: the trial court's discounting of his difficult childhood as a mitigating factor; alleged misstatements made by the trial court regarding his criminal history; and the trial court's consideration of the victim's injuries as an aggravating factor, which in his view was impermissible under state law because the crimes related to her injuries had been dismissed pursuant to the plea agreement. *Id.* The state appellate court affirmed the denial of post-conviction relief. *Id.* at 2. One judge on the panel dissented, concluding that Bethea's appellate counsel was ineffective in failing to challenge the trial court's considering elements of the dismissed charges at sentencing under state law. *Id.* at 26-35 (Brown, J., dissenting).

Bethea sought transfer to the Indiana Supreme Court. (DE 8-11.) The Indiana Supreme Court granted his petition for transfer, and in a unanimous decision affirmed the denial of post-conviction relief. *Bethea*, 983 N.E.2d at 1139-46. The court held that the trial court was not prevented under state law from considering evidence pertaining to the dismissed charges at sentencing, and accordingly appellate counsel was not ineffective in failing to pursue such an argument. *Id.* Bethea did not seek review in the United States Supreme Court. (DE 1 at 2.)

Thereafter, Bethea filed this federal habeas petition raising the following claims: (1) the trial court's consideration of various aggravating factors at sentencing violated his Sixth

---

[1] INDIANA APPELLATE RULE 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004); (2) the police's initial investigation procedures were "tainted" and as a result his guilty plea was involuntary; (3) the trial court improperly considered conduct from the dismissed charges to enhance his sentence in violation of state law; (4) the aggravating factors relied on by the trial court were not adequately supported by the record; and (5) the trial court used the same grounds to enhance his sentence and to impose consecutive sentences in violation of state law. (DE 1 at 4-8.)

II. ANALYSIS

Bethea's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may grant an application for habeas relief only if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, —U.S.—, 131 S. Ct. 770, 786 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

Before considering the merits of a claim, the court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Interests of comity require that the state courts be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review, including with the state court of last resort. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

This requires him to raise his claim "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025-26.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Upon review, it is apparent that several of Bethea's claims are premised on errors of state law, which do not provide a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws). As to his claims of error under federal law, it is apparent that he did not present any of these claims in one complete round of state review. Although he raised a sentencing challenge on direct appeal, he did not seek review in the Indiana Supreme Court. *See Boerckel*, 526 U.S. at 853-54. Furthermore, the claim he presented to the Indiana Court of Appeals was based entirely on state law. To properly exhaust, a petitioner must "present both the operative facts and the legal principles that control each claim to the state judiciary." *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). This includes alerting the state court to the "federal nature" of the claim. *Baldwin*, 541 U.S. at 33. Bethea's state law claim cannot be

6

reasserted here, *Estelle*, 502 U.S. at 67-68, nor can he reformulate his claim at this stage to encompass the violation of a federal right.

On post-conviction review, Bethea asserted a number of ineffective assistance claims based on errors at sentencing; however, he did not exhaust any free-standing claims alleging a violation of his federal rights in connection with his sentence. *See Lewis*, 390 F.3d at 1026 (even though petitioner claimed in state proceedings that his attorney was ineffective in failing to challenge a tainted identification, he did not properly exhaust a free-standing claim based on the tainted identification, since operative facts surrounding the two claims were distinct); *Stevens,* 489 F.3d at 894 (where petitioner complained about one aspect of counsel's performance in state proceeding but not the specific error he was challenging in federal habeas petition, claim was procedurally defaulted). Nor did he assert a claim at any point in the state appellate proceedings that the police investigation was "tainted" or that his guilty plea was involuntary. Accordingly, these claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to present his claims and a resulting prejudice. *McQuiggen v. Perkins*, —U.S.—, 133 S. Ct. 1924, 1931-33 (2013); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Routine matters such as a petitioner's *pro se* status or lack of knowledge of the law do not establish cause to excuse a procedural default. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010); *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003).

A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this extraordinary exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. This is a difficult standard to meet, and such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

Here, Bethea has not filed any response to the state's procedural default argument, nor can the court discern any apparent basis for setting aside his defaults. Bethea was represented by counsel throughout the state proceedings, including at all stages of post-conviction review, and received vigorous representation regarding the issues presented on his behalf. Based on the documents before the court (and without some specific argument by Bethea), there is no basis to conclude that "some objective factor external to the defense" prevented Bethea from pursuing his constitutional claims in state court. *Murray*, 477 U.S. at 488. Nor is there any basis for concluding that Bethea could meet the stringent requirements of the actual innocence exception;

indeed, he pled guilty to the underlying offenses. *See Buie*, 341 F.3d at 626 ("[I]t is hard to see how one who has confessed can assert actual innocence."). Accordingly, the court cannot reach the merits of Bethea's claims.

III. Certificate of Appealability

As a final matter, the court must consider whether to grant Bethea a certificate of appealability. 28 U.S.C. § 2253(c); RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is resolved on procedural grounds, to obtain a certificate of appealability the petitioner must establish two components: that reasonable jurists would find it debatable whether the court was correct in its procedural ruling, and that the petition states a valid claim for denial of a constitutional right. *Id.* For the reasons fully explained above, Bethea's claims are either not cognizable in this proceeding or are procedurally defaulted. He has not provided any basis for concluding that jurists of reason would debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

III. CONCLUSION

For the reasons set forth above, the petition (DE 1) is DISMISSED WITH PREJUDICE. The petitioner is DENIED a certificate of appealability.

SO ORDERED.

ENTERED: January 13, 2014

                                                              s/William C. Lee
                                                              William C. Lee, Judge
                                                              United States District Court